Case 8:16-cv-03830-PWG   Document 4   Filed 12/02/16   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSHUA BARLOW, #260-721,   *

Plaintiff,   *

v.   *   Civil Action No. PWG-16-3830

MARY LOU McDONOUGH,   *
   Director/Warden,
      *

Defendant.

***

## MEMORANDUM OPINION

Detainee Joshua Barlow seeks money damages from Mary Lou McDonough, Director of the Prince George's County Detention Center ("PGCDC").[1] In addition to his Complaint, Barlow has submitted a Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, that fails to conform with the requirements of 28 U.S.C. § 1915(a)(2), the relevant portion of which provides that "[a] prisoner seeking to bring a civil action . . . without prepayment of fees or security therefore, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." For that reason, the Motion shall be denied without prejudice.

---

[1] This is the fourth lawsuit filed by Barlow against McDonough in the span of two months. *See Barlow v. McDonough*, No. PWG-16-3372 (D. Md.) (dismissed November 28, 2016, for failure to amend Complaint); *Barlow v. McDonough*, No. PWG-16-3470 (D. Md.) (allegations of personal deprivation of food proceeding); *Barlow v. McDonough*, No. PWG-16-3531 (D. Md.) (conditions claim concerning temperature and access to commissary on inactive/unassigned status).

Barlow's Complaint sets forth a litany of allegations regarding irregular practices and procedures occurring at PGCDC. Compl., ECF No. 1. While those irregularities primarily involve privacy concerns with detainee mail and cell searches, the Complaint also alleges poor conditions of confinement, including problems with temperature, mold, hot water, and water leakage. Compl. 3–7.[2]

Barlow does not indicate that he personally has been subjected to injury as a result of the problems alleged in his Complaint. Thus, he has no standing to assert his generalized grievances. "[A]t an irreducible minimum, Article III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision." *Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 472 (1982) (citations and internal quotation marks omitted); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992).

Because Barlow fails to demonstrate any injury, his Complaint shall be dismissed without prejudice and the case closed. A separate order follows.

12-02-16
Date

Paul W. Grimm
United States District Judge

---

[2] Page numbers for citations to the Complaint refer to CM/ECF page numbers.

2